IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00096-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIMBERLIE L. FLEMINGS | ) | |

**THIS MATTER** comes before the Court upon Kimberlie L. Flemings's ("Defendant") Motion to Participate in Voir Dire of Jurors, (Doc. No. 46).

Defendant requests that defense counsel be permitted the opportunity to participate in the jury selection process by asking questions related to the issues before the Court in this action. Specifically, Defendant requests that the Court engage in giving voir dire regarding general issues (e.g., knowledge of any of the defendants, attorneys, or witnesses and reasons why a juror believes he or she could not serve) and reserve questioning regarding the specific and unique issues of the case to the attorneys of record. Defendant grounds her argument on notions of fairness and impartiality as well as the nature of charges at issue and the level of complexity of the case. Defendant avers the attorneys' have a more intimate knowledge of the case and fairness requires that counsel have the opportunity to follow their questions submitted to the Court with adequate probing of each potential, individual juror.

1

The Court recognizes that counsel of record has intimate knowledge of the case; however, the Court denies Defendant's motion and finds that notions of fairness and impartiality do not require allowing counsel to participate in voir dire beyond that already permitted. A district court has broad discretion in conducting voir dire. Ristaino v. Ross, 424 U.S. 589, 594 (1976) ("Voir dire 'is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion.'" (quoting Connors v. United States, 158 U.S. 408, 413 (1895))). Federal Rule of Criminal Procedure 24(a)(1) specifies that "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so." Thus, the decision of whether to allow counsel to conduct voir dire themselves is left to the judge's discretion, and the Fourth Circuit has previously held that district courts are not required to allow defense counsel to conduct voir dire whenever it requests to do so. United States v. Bakker, 925 F.2d 728, 734 (4th Cir. 1991).

In Bakker, the defendant also objected to (1) the court conducting voir dire rather than defense counsel and (2) the court questioning jurors collectively rather than individually. Id. The Fourth Circuit found both of the defendant's contentions meritless. Citing Federal Rule of Criminal Procedure 24(a), the Fourth Circuit held that "[i]t is well settled that a trial judge may conduct voir dire without allowing counsel to pose questions directly to the potential jurors." Id. Similarly, the court also held that "[i]t is well established that a trial judge may question prospective jurors collectively rather than individually." United States v. Bailey, 112 F.3d 758, 770 (4th Cir. 1997) (quoting United States v. Bakker, 925 F.2d

728, 734 (4th Cir. 1991)).

Accordingly, the Court, in its discretion, **DENIES** Defendant's Motion and finds it unnecessary to allow the parties to conduct voir dire themselves. However, the attorneys will have significant participation in jury selection. They will have the opportunity to submit proposed questions in advance of jury selection for the Court to consider in conducting voir dire. And during voir dire, the parties may request the Court to consider asking additional questions that they deem necessary and proper to assess juror impartiality.

Signed: October 5, 2018

Robert J. Conrad, Jr.
United States District Judge